UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R. L. S., ) | |
| ) | |
| Plaintiff, ) | 18 cv 1407 |
| ) | |
| v. ) | Magistrate Judge Susan E. Cox |
| ) | |
| NANCY A. BERRYHILL, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On February 23, 2018, Plaintiff initiated this matter by filing his Complaint [dkt. 1]. On January 10, 2019, Defendant filed a Motion for Reversal with Remand for Further Administrative Proceedings [dkt.23] (which is essentially a summary judgment motion for purposes of an SSA appeal). Plaintiff filed a brief in opposition [dkt. 29], arguing that the Court should award benefits because Plaintiff allegedly satisfies Listing 12.05(C).

In his opposition, Plaintiff primarily seeks to have the Court consider the issues raised in the opening brief of Plaintiff's appeal to the Court [dkt. 15]. Of course, including such limitations on remand would be akin to the Court (at least implicitly) finding that Plaintiff's contentions on appeal were meritorious. However, a motion to remand obviates the need for the Court to engage in an analysis of the ALJ's decision and to make rulings on the same.

A similar issue was raised in *Fox v. Colvin*, 2016 WL 2889030, at *2 (N.D. Ill. May 17, 2016). In that case, the plaintiff did not object to the notion that his social security appeal should be remanded, but the parties could not agree to the scope of the remand *Id.* The court rejected plaintiff's arguments, reasoning:

> [t]here would be no good reason to require full briefing and a judicial decision on the merits where both parties agree that the case should be remanded. And here, both parties agree[d] that the case should be remanded; their only quibble is about the terms

1

of the remand order. That quibble [did] not require this Court to engage in an unnecessary exercise that would waste the resources of the parties and the Court, and that would needlessly delay further administrative proceedings.

*Id.* Thus, in remanding *Fox*, the Court made no finding as to any alleged errors in the ALJ's decision.

The Court is loath here to require the ALJ to address certain "errors" or conflicts in their decision before it has even been determined whether those are indeed errors. *Fox* is also illustrative of this point: "[r]equiring the ALJ to 'consider all arguments' raised by plaintiff in his brief implies that the Court has itself considered those arguments and has found them to be meritorious – which, again, we have not done." *Id.*

Lastly, Plaintiff argues we must also instruct the ALJ to retroactively apply Listing 12.05(C), which was eliminated from the SSA's regulations effective January 17, 2017. We decline to do so. We do not believe the January 17, 2017 version of Listing 12.05 will be given impermissible retroactive impact by this remand; the Sixth Circuit has held as much in *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640 (6th Cir. 2006), and we find their rationale availing here:

> It can hardly be argued that claimants become obese or otherwise become impaired in reliance on the availability of the presumption in the listing. Nor is there any indication that they file their claims, or decide what to put in their claims, based on how the agency determines whether they meet the statutory requirements for disability eligibility. Similarly, claimants have no settled expectation that the agency will use one as opposed to another algorithm for determining whether the statutory requirements are met. Finally, there is no basis for claimants to argue that they need "fair notice" of a change in the step three presumptions.

*Id.* at 646 (referencing *Landgraf v. USI Film Prod.*, 511 U.S. 244, 269-70 (1994)).

Defendant's Motion for Reversal with Remand for Further Administrative Proceedings [dkt.23] is granted. Plaintiff's Motion for Summary Judgment [dkt. 15] is denied as moot. This matter is remanded with instruction for the Appeals Council to vacate the ALJ's decision and remand to the ALJ for issuance of a *de novo* decision.

Entered: 2/22/2019

_____
U.S. Magistrate Judge, Susan E. Cox